# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4501 | **DATE** | 6/27/13 |
| **CASE TITLE** | Darnell Duett (#2012-0427221) vs. Cook County Health Services | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at plaintiff's place of incarceration to deduct $4.20 from plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Accounts Office at the Cook County Jail. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint. Plaintiff is granted 30 days to submit an amended complaint (plus a judge's copy and service copies). Failure to comply with this order will result in summary dismissal of this case. The Clerk shall provide plaintiff with an amended complaint form.

■ [For further details see text below.]                                                                 Docketing to mail notices.

# STATEMENT

Plaintiff Darnel Duett, presently a pre-trial detainee at the Cook County Jail, submitted this *pro se* 42 U.S.C. § 1983 civil rights action naming Cook County Health Services as defendant. Plaintiff alleges that, in December 2012, he was transferred from Cook County Jail to Moultrie County Jail for a period of time. At the Moultrie County Jail, plaintiff was unable to receive his psychiatric medication for six days, allegedly because incorrect information was sent from Cook County Jail.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $4.16. The trust fund officer at plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Cook County Jail trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.

Although Plaintiff may proceed *in forma pauperis*, he cannot proceed with his current complaint. The complaint does not name a suable party as defendant. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993) (neither the Cook County Jail nor divisions therein are distinct separate entities from Cook County and are not suable parties). Plaintiff must name a suable party, such as the person at Cook County Jail responsible for not providing Moultrie County Jail with his prescription records or Moultrie County Jail officials who refused to obtain plaintiff's prescription records from Cook County Jail. If plaintiff does not know the names of the individual(s), he may refer to him or her as John or Jane Doe and name a supervisory official, such as the county sheriff or the director of the jail's health services, who may be able to identify the individual.

|STATEMENT|
|---|

In addition to naming a suable party as defendant, plaintiff must state a valid claim. To state a constitutional claim of deliberate indifference to his medical needs, he must allege facts that indicate that (1) he had an objectively serious medical condition, and (2) the defendant was actually aware of the condition but failed to take reasonable steps to address it. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Neither negligence nor gross negligence constitute deliberate indifference, which requires a sufficiently culpable state of mind. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Plaintiff's complaint alleges negligence (a state-law claim) with proper records not being sent to Moultrie County Jail, but not deliberate indifference. To proceed with this case, he must allege facts which indicate deliberate indifference.

Accordingly, for the reasons stated above, the complaint is dismissed without prejudice. Plaintiff is granted 30 days from the date of this order to submit an amended complaint in accordance with this order. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, plaintiff must provide an extra copy for the judge and also a service copy for each named defendant.

An amended pleading supersedes an original complaint and must stand complete on its own. The court will refer only to the amended complaint, and not previously filed complaint, to determine the claims and parties of this suit. Plaintiff thus must be set forth all his claims and all the defendants of this case in the amended complaint, without reference to the original complaint. Any exhibits that plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The clerk will provide plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If plaintiff fails to comply within 30 days, the case will be summarily dismissed in its entirety.